**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| ANGELA LEGGE, | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No. 3:24-cv-1083 |
| v. | ) | Judge Crenshaw/Frensley |
| | ) | |
| FRANK BISIGNANO, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Pending before the Court is a Motion for Authorization of Attorney's Fees filed by Plaintiff's attorney pursuant to 42 U. S. C. § 406(b). Docket No. 12. The Plaintiff has filed a supporting memorandum of law including several exhibits including the declaration of counsel. Docket Nos. 13, 13-1 through 13-4. Counsel seeks an award of attorney's fees in the amount $10,324.73 under 42 U. S. C. § 406 (b). Id. The Defendant has filed a response indicating that it neither supports nor opposes counsel's request for attorney's fees. Docket No. 17. This matter was referred to the undersigned to dispose or to recommend disposition of any pretrial motions, including the pending motion for attorney's fees. Docket No. 14. For the reasons set forth herein, the Plaintiff's motion is **GRANTED.**

The Plaintiff filed an action in this Court on September 9, 2024, seeking review of the denial of her claim for disability benefits with the Social Security Administration. Docket No. 1. On December 23, 2024, the Court entered an Order reversing the decision of the Commissioner of Social Security and remanding the case back to the Social Security Administration for further proceedings. Docket No. 10. On remand, a fully favorable decision was issued on October 2, 2025. Docket No. 13-1. Plaintiff's counsel thereafter timely filed the instant motion for attorney's fees. Plaintiff's counsel seeks a contingency fee award under 42 U. S. C. § 406(b) in the amount of

$10,324.73. Docket No. 12. Upon receipt of that amount Plaintiff's counsel will remit the amount of his EAJA fees ($1,435.49) directly to Plaintiff. Id.

If a Social Security claimant obtains benefits after filing an appeal in this Court, counsel may then ask the Court to award the amount of attorney's fees owed under a contingency fee agreement. 42 U. S. C. § 406(b)(1). The fee award may not exceed twenty-five percent (25%) of the past benefits. Id. Further, the award must only compensate counsel for work performed in the federal court proceeding. *Horenstein v Secretary of HHS*, 35 F. 3d 261, 262 (6th Cir. 1994)(en banc). The commissioner routinely withholds up to twenty-five percent (25%) of a claimant's past due benefit to pay for such a fee award. *See* 42 U. S. C. § 406(b)(1)(A).

Even if a claimant agrees to pay his counsel a contingency fee award in the amount of twenty-five percent (25%) of past due benefits, that amount is not automatically awarded. The Court must find that the requested fee award is reasonable for the servcies rendered. *Gisbrecht v Barnhart,* 535 U. S. 789, 807 (2002). To assist the Court with assessing the reasonableness of the request for attorney's fees, counsel generally should submit a record of hours worked and a statement of his normal hourly billing rate for non-contingent fee cases (if any). *Gisbrecht,* 535 U. S. at 808. The Court may also consider evidence of the standard hourly rate for similar work performed in the relevant market. *Hayes v Secretary of HHS,* 923 F. 2d 418, 422 (6th Cir. 1990). The Court should also consider additional factors such as the complexity and difficulty of the case and results achieved. *Tucker v Commissioner of Social Security*, 136 F. 4th 639, 648 (6th Cir. 2025). After determining the amount of a reasonable contingency fee award under the Social Security Act, the Court will order counsel to refund to Plaintiff all fees paid under the Equal Access to Justice Act ("EAJA"). *See Jankovich v Bowen*, 868 F. 2d 867, 871, n. 1 (6th Cir. 1989).

After reviewing the materials submitted by counsel and arguments advanced in the motion,

the undersigned concludes that the requested fee award of $10,324.73 is reasonable. Given the rebuttable presumption that a twenty-five percent (25%) contingency fee agreement is reasonable, counsel's requests after refund for less than half of that percentage (9.5%) is reasonable and does not amount to a windfall. There is no indication that the time expended by Plaintiff's counsel is excessive or improperly charged and takes into account the skill and experience of Plaintiff's counsel. Finally, given the substantial risk undertaken by Plaintiff's counsel in accepting Social Security cases on a contingent fee basis, the award is reasonable. Because counsel represents his agreement to refund to Plaintiff the amount he would have sought under EAJA, $1,435.49, there will be no double recovery of fees.

For the reasons set forth herein, the Court finds that the requested fee award is reasonable and recommends that the motion for authorization of attorney's fees (Docket No. 12) be **GRANTED.** Plaintiff's counsel should be awarded attorney's fees pursuant to 42 U. S. C. § 406(b)(1) in the amount of $10,324.73. The Commissioner shall remit this sum to Plaintiff's counsel from the percentage of Plaintiff's past due benefits that were withheld. The undersigned further recommends that Plaintiff's counsel shall remit to Plaintiff, within fourteen (14) days of his receipt of the attorney's fee award, the amount he would have sought under EAJA of $1,435.49. The Commissioner shall release to Plaintiff any remaining funds that were withheld from his award of past due benefits to pay his attorney's fees.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report

and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

4